**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Glenn Greer,

        Plaintiff,

v.

Pinal County Jail, et al.,

        Defendants.

No. CV-17-02822-PHX-DGC (BSB)

**ORDER**

Plaintiff Glenn Greer, an Arizona state prisoner, brought this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. His claims relate to searches of his cell and his placement in solitary confinement in Pinal County Jail ("PCJ"). *Id.* He filed a motion for subpoena to answer affidavit. Doc. 87. Magistrate Judge Bridget S. Bade denied the motion. Doc. 90. Plaintiff appeals this ruling. Doc. 92.

The Court has reviewed Judge Bade's order de novo and, for reasons stated below, finds that the order is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The order therefore will be affirmed.

Plaintiff's motion asks the Court to subpoena non-party PCJ grievance coordinator, Sergeant Webster, to answer a list of questions attached to the motion. Doc. 87 at 1-9. Judge Bade denied the motion because Plaintiff may not serve interrogatories on a non-party, *see* Fed. R. Civ. P. 33, and the deadline for serving written discovery expired on June

29, 2018 – more than six months before Plaintiff filed his motion. Doc. 90 at 1; *see* Doc. 17 at 2. Plaintiff contends that the Court is "duty bound to level the playing field" given that he is a pro se prisoner with little education and limited access to legal resources. Doc. 92 at 1-2. He asserts that Defendants have committed perjury, and Sergeant Webster's sworn testimony is necessary to impeach Defendants and expose their lies. *Id.* at 2.

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). As previously explained, any difficulties Plaintiff may experience due to his lack of education and limited access to legal resources are the same difficulties that most pro se prisoner litigants face. *See* Doc. 22 at 2. The Court may not "level the playing field" by conducting discovery for Plaintiff despite his belief that Defendants have provided false testimony. Moreover, the time for serving written discovery has passed (Doc. 17 at 2), and Plaintiff has failed to show good cause to extend the deadline. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

**IT IS ORDERED** that Judge Bade's order denying Plaintiff's motion for subpoena to answer affidavit (Doc. 90) is **affirmed**.

Dated this 7th day of March, 2019.

David G. Campbell
Senior United States District Judge